**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| **LISA CHUPURDY**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**FCC GOLF CLUB, LLC**, a Florida limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:20-cv-040<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **LISA CHUPURDY** ("**CHUPURDY**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1.  This is an action brought under the federal Fair Labor Standards Act ("FLSA"), common law, Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA") for (1) unpaid overtime, (2) unpaid minimum wage, (3) unpaid wages, (4) sexual harassment in violation of Title VII, (5) sexual harassment in violation of the FCRA, (6) retaliation in violation of Title VII, and (7) retaliation in violation of the FCRA..

**PARTIES**

2.  The Plaintiff, **LISA CHUPURDY** ("**CHUPURDY**") is an individual and a resident of Florida who at all material times resided in Collier County, Florida and worked for the Defendant in Collier County, Florida. At all material times, **CHUPURDY** was employed by the Defendant as a "beverage cart attendant" at Defendant's golf course but was misclassified as an

1

exempt employee. **CHUPURDY**'s primary job duties consisted of non-management, clerical work that included, but was not limited to: serving interstate customers with products from out-of-state, and processing payments. A great number of the customers **CHUPURDY** served were residents of other states who visit Southwest Florida on only a seasonal basis or on vacation. **CHUPURDY** continued the flow of interstate commerce by, *inter alia*, generating and processing billing, which collected funds from out-of-state sources and banks and catering to seasonal visitors from out-of-state. **CHUPURDY** performed work in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **CHUPURDY** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3.   The Defendant, **FCC GOLF CLUB, LLC** ("**GOLF COURSE**") is a Florida limited liability corporation and has a principal place of business located at 8156 Fiddler's Creek, Naples, Florida 34114. **GOLF COURSE** has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **GOLF COURSE**'s employees are engaged in interstate commerce and their business model specifically involves interstate purchases and handling goods such as food and beverage provisions and equipment that are from out-of-state suppliers. **GOLF COURSE** collects monies, most of which is from out-of-state financial institutions. **GOLF COURSE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **CHUPURDY**. **GOLF COURSE** supervised and controlled **CHUPURDY** work schedules and conditions of employment, in addition to determining the rate and method of payment for **CHUPURDY**. **GOLF COURSE** maintains employment records of

**CHUPURDY**. **GOLF COURSE**, which employs more than 15 employees, was the employer of **CHUPURDY**.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. This Court has supplemental jurisdiction over **CHUPURDY**'s state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendants conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Collier County, which is within the Fort Myers Division.

7. **CHUPURDY** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on October 25, 2019 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

8. **CHUPURDY** began her employment with the Defendant in November 2016.

**FLSA & Wage Allegations**

9. **CHUPURDY** was paid on an hourly basis.

10. **CHUPURDY** was paid a subminimum wage.

11.     **CHUPURDY** was not exempt under the FLSA.

12.     **CHUPURDY** was required by the Defendants to work well in excess of 40 hours per week (and many more during the busy winter "season"), and did so without proper overtime compensation.

13.     **GOLF COURSE** has a policy and practice to miscalculate its hourly employees' regular rate of pay, which thus deprived **CHUPURDY** of her lawful overtime wages.

14.     More specifically, **GOLF COURSE** adds a nondiscretionary service charge to each sale, which service charge is given in full to employees like **CHUPURDY**.

15.     The nondiscretionary service charge is <u>not</u> a gratuity or tip and is instead paid to employees like **CHUPURDY**.

16.     However, that nondiscretionary service charge was not and is <u>not</u> properly included in **CHUPURDY**'s regular rate of pay, and thus her overtime rate has been miscalculated.

17.     Additionally, **GOLF COURSE** violated the FLSA by paying **CHUPURDY** a sub-minimum wage when employees like **CHUPURDY** were not informed of the tip credit provisions to be employed by **GOLF COURSE** and who were not tipped employees.

18.     Notwithstanding the same, the Defendants still refused to properly compensate **CHUPURDY** on an hourly, non-exempt basis in compliance with the FLSA. The Defendants thus failed to act in good faith and did not have a reasonable belief it had complied with the FLSA.

19.     At all relevant times, the Defendants' employment of **CHUPURDY** has been on a salary basis, which salary was designed to cover all hours worked up to forty (40) hours per week.

20.     The Defendants have violated the FLSA by failing to pay overtime wages to **CHUPURDY**.

**Sexual Harassment & Retaliation**

21.     **CHUPURDY** is a member of a protected class as a female person.

22.     **CHUPURDY** always performed her assigned duties in a professional manner and was very well qualified for her position.

23.     **CHUPURDY** always received good to very good performance reviews from the Defendant until she complained of sexual harassment.

24.     Beginning in March 2018, **CHUPURDY** began to be subjected to sexual harassment by her supervisor, Kevin Thompson.

25.     Specifically, he began quizzing **CHUPURDY** about intimate details of her sex life and repeatedly attempted to initiate a sexual relationship with her.

26.     He would send **CHUPURDY** text messages at all hours of the day and night and would attempt to engage in sexually explicit banter and ask her to send him nude photographs of herself.

27.     He would openly make comments about **CHUPURDY**'s breasts and ask if she was wearing any panties.

28.     He also would ask **CHUPURDY** to meet him at various bathrooms on the golf course so that she could touch his penis and suggested that they go into model homes to engage in sex.

29.     He also informed **CHUPURDY**, in writing, that if she engaged in sex with him that he would provide her with a good performance review.

30.     **CHUPURDY** rejected all such advances but they persisted.

31.     On April 19, 2019, **CHUPURDY** objected to the sexual harassment again and reported the same to the Defendant.

32. On April 24, 2019, **CHUPURDY** participated in an internal investigation into her supervisor's sexual harassment.

33. Without warning, the Defendant suddenly informed **CHUPURDY** on May 16, 2019 that there was no work for her and that she was "laid off."

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

34. The Plaintiff hereby incorporates Paragraphs 1-4, 6 and 8-20 in this Count as though fully set forth herein.

35. **CHUPURDY** was actually a covered, non-exempt employee under the FLSA at all times during her employment with the Defendant.

36. The Defendant was required by the FLSA to pay **CHUPURDY** at least time and one-half for all hours worked by **CHUPURDY** in excess of 40 hours per week according to her regular rate of pay, as that term is defined by the FLSA.

37. The Defendant had operational control over all aspects of **CHUPURDY**'s day-to-day functions during her employment, including compensation and hours worked.

38. The Defendant was **CHUPURDY**'s employer and are liable for violations of the FLSA in this case.

39. The Defendant violated the FLSA by failing to pay **CHUPURDY** at least time and one-half for all hours worked over 40 per week according to her proper regular rate of pay.

40. The Defendant has willfully violated the FLSA in refusing to pay **CHUPURDY** proper overtime for all hours worked over 40 per week.

41. As a result of the foregoing, **CHUPURDY** has suffered damages of lost wages.

42. The Defendant is the proximate cause of **CHUPURDY**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

### COUNT II: VIOLATION OF THE FLSA- UNPAID MINIMUM WAGE

43. The Plaintiff hereby incorporates Paragraphs 1-4, 6 and 8-20 in this Count as though fully set forth herein.

44. The Defendant was required by the FLSA to pay **CHUPURDY** at least minimum wage for all hours worked by **CHUPURDY** by virtue of improperly paying her a sub-minimum wage despite not being a tipped employee.

45. The Defendant had operational control over all aspects of **CHUPURDY**'s day-to-day functions during her employment, including compensation.

46. The Defendant was **CHUPURDY**'s "employer" and is liable for violations of the FLSA in this case.

47. The Defendant violated the FLSA by failing to pay **CHUPURDY** at least minimum wage for all hours worked each week.

48. As a result of the foregoing, **CHUPURDY** has suffered damages of lost wages.

49. The Defendant is the proximate cause of **CHUPURDY**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

### COUNT III: COMMON LAW UNPAID WAGE CLAIM

50. The Plaintiff hereby incorporate Paragraphs 1-3, 5-6 and 8-20 in this Count as though fully set forth herein.

51. **CHUPURDY** was an employee of the Defendant.

52. The Defendant was required to compensate **CHUPURDY** at her regular rate of pay for all hours worked by **CHUPURDY**.

53. The Defendant had operational control over all aspects of the **CHUPURDY**'s day-to-day functions during her employment, including compensation.

54. The Defendant failed to pay **CHUPURDY** at least her regular rate of pay for all hours worked.

55. The Defendant has willfully violated Florida law by refusing to pay **CHUPURDY** her regular rate of pay for all hours worked by her.

56. As a result of the foregoing, **CHUPURDY** has suffered damages of lost wages.

57. The Defendant is the proximate cause of **CHUPURDY**'s damages.

**WHEREFORE,** Plaintiff pray that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees under F.S. §448.08.

## COUNT IV – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEXUAL HARASSMENT

58. Plaintiff incorporates by reference Paragraphs 1-8 and 21-33 of this Complaint as though fully set forth below.

59. **CHUPURDY** is a female and as such, is a member of a protected class.

60. At all material times, **CHUPURDY** was an employee and Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

61. **CHUPURDY** was, and is, qualified for the positions that she held with Defendant.

62. **CHUPURDY** has endured *quid pro quo* sexual harassment, gender-based comments, harassment, jokes, unwanted sexual touching and disparate treatment while employed with quid pro quo, thereby altering the terms and conditions of her employment and creating a hostile work environment.

63. The acts, failures to act, practices and policies of *quid pro quo* set forth above constitute intentional discrimination on the basis of **CHUPURDY**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

64. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **CHUPURDY** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

65. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CHUPURDY** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

66. As a direct and proximate result of Defendant's actions, **CHUPURDY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

67. **CHUPURDY** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all sexual harassment;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi. Punitive damages;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

### COUNT V – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, SEXUAL HARASSMENT

68. Plaintiff incorporates by reference Paragraphs 1-8 and 21-33 of this Complaint as though fully set forth below.

69. **CHUPURDY** is a female and as such, is a member of a protected class.

70. At all material times, **CHUPURDY** was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

71. **CHUPURDY** was, and is, qualified for the positions that she held with Defendant.

72. **CHUPURDY** has endured *quid pro quo* sexual harassment, gender-based comments, harassment, jokes, unwanted sexual touching and disparate treatment while employed

with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment.

73. The acts, failures to act, practices and policies of Defendant set forth above constitute intentional discrimination on the basis of **CHUPURDY**'s gender in violation of the FCRA.

74. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **CHUPURDY** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

75. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CHUPURDY** is entitled to all relief necessary to make her whole as provided for under the FCRA.

76. As a direct and proximate result of Defendant's actions, **CHUPURDY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

77. **CHUPURDY** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all sexual harassment;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi. Punitive damages;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT VI – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

78. Plaintiff incorporates by reference Paragraphs 1-8 and 21-33 of this Complaint as though fully set forth below.

79. **CHUPURDY** is a female a person and, as such, is a member of a protected class.

80. At all material times, **CHUPURDY** was an employee and Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

81. **CHUPURDY** was qualified for the positions that she held with Defendant.

82. **CHUPURDY** endured continuous *quid pro quo* sexual harassment, gender-based comments, harassment, inappropriate discipline, unwanted sexual touching, disparate treatment and inappropriate threats on her employment while employed with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **CHUPURDY** complained, caused the separation of her employment with Defendant.

83. **CHUPURDY** complained to Defendant about the sexual harassment, hostile environment, unwanted sexual touching, violation of policies and retaliation, and Defendant clearly observed her growing discomfort concerning the same.

84. **CHUPURDY**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendant.

85. Said protected activity was the proximate cause of Defendant's negative employment actions against **CHUPURDY**.

86. Instead of preventing said treatment, Defendant retaliated against **CHUPURDY**.

87. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

88. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **CHUPURDY** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

89. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CHUPURDY** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

90. As a direct and proximate result of Defendant's actions, **CHUPURDY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

91. **CHUPURDY** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Punitive damages;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

### COUNT VII – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

92. Plaintiff incorporates by reference Paragraphs 1-8 and 21-33 of this Complaint as though fully set forth below.

93. **CHUPURDY** is a female a person and, as such, is a member of a protected class.

94. At all material times, **CHUPURDY** was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

95.     **CHUPURDY** was qualified for the positions that she held with Defendant.

96.     **CHUPURDY** endured continuous *quid pro quo* sexual harassment, gender-based comments, harassment, inappropriate discipline, unwanted sexual touching, disparate treatment and inappropriate threats on her employment while employed with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **CHUPURDY** complained, caused the separation of her employment with the Defendant.

97.     **CHUPURDY** complained to Defendant about the *quid pro quo* sexual harassment, gender harassment, hostile environment, unwanted sexual touching, violation of policies and retaliation, and Defendant clearly observed her growing discomfort concerning the same.

98.     **CHUPURDY**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendant.

99.     Said protected activity was the proximate cause of Defendant's negative employment actions against **CHUPURDY**.

100.    Instead of preventing said treatment, Defendant retaliated against **CHUPURDY**.

101.    The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

102.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **CHUPURDY** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

103.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CHUPURDY** is entitled to all relief necessary to make her whole as provided for under the FCRA.

104. As a direct and proximate result of Defendant's actions, **CHUPURDY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

105. **CHUPURDY** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Punitive damages;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: January 17, 2020

/s/ **Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com